UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER ADAMS,

    Petitioner,

vs.                                      Case No. 8:05-cv-1926-T-24MAP

JAMES V. CROSBY, JR.,

    Respondent.

## **ORDER**

This cause is before the court on Petitioner Christopher Adams' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Adams challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. A review of the record demonstrates that, for the following reasons, the petition must be **DENIED**.

PROCEDURAL BACKGROUND

On August 31, 2000, Adams was charged by information with three counts of lewd and lascivious battery. (Exh 8: R 17-20).[1] The information alleged that Adams had consensual intercourse with a 13-year-old girl. On February 5, 2001, Adams entered a guilty plea pursuant to a plea agreement.[2] (Exh 8: R 33-34). Adams was sentenced to two years in prison, followed by seven years of sex offender probation. (Exh 8: R 36-42). As

---

[1] Respondent filed the one-volume record on direct appeal as Respondent's Exhibit 8. All references to the record are designated "R," followed by the page number located in the lower right hand side of the page.

[2] Respondent stated that he did not possess a copy of the transcript of the original change of plea hearing, and was unable to determine whether the plea hearing was transcribed.

part of his sex offender probation, Adams was placed on curfew and told to remain in his home from 10 p.m. to 6 a.m. (Exh 8: R 46). The state trial court found that Adams was a sexual predator. (Exh 8: R 50).

On August 2, 2003, an affidavit of violation of sex offender probation was filed against Adams, charging him with twice violating the condition that he remain confined to his home after 10 p.m., and also alleging Adams used intoxicants to excess and possessed a controlled substance without a valid doctor's prescription. (Exh 8: R 54-55). A bifurcated violation of probation hearing was held September 11, 2003 and September 25, 2003. After the September 25, 2003 hearing, the state trial court found that Adams willfully and substantially violated his probation as to one allegation of failing to remain in his home during the applicable time period. The state trial court sentenced Adams to fifteen years in prison,[3] with credit for time previously served in prison. (Exh 8: R 58-69, 105-106).

Adams appealed the revocation of probation and imposition of sentence (Exhibit 1), raising three issues:

Issue I

DID THE TRIAL COURT ABUSE ITS DISCRETION IN FINDING THAT MR. [ADAMS] WILFULLY AND SUBSTANTIALLY VIOLATED HIS PROBATION?

Issue II

DID THE TRIAL COURT ERR IN IMPOSING A 15-YEAR SENTENCE ON MR. ADAMS THAT EXCEEDED THE ORIGINAL SENTENCE AND EXCEEDED THE REMAINING BALANCE OF THE SUSPENDED PORTION OF THE ORIGINAL SENTENCE?

Issue III

---

[3] The sentences on the three counts ran concurrently.

2

DID THE TRIAL COURT ERR IN FAILING TO ENTER A WRITTEN REVOCATION ORDER?

On October 22, 2004, the state district court of appeal per curiam affirmed Adams' judgment and sentence. (Exhibit 4). Adams v. State, 887 So. 2d 334 (Fla. 2d DCA 2004)[Table].

On July 15, 2005, Adams filed a petition for writ of habeas corpus in the state district court of appeal. (Exhibit 6). Adams raised four claims of ineffective assistance of appellate counsel: (1) appellate counsel was ineffective for failing to raise the issue that the trial court never rendered disposition as to Count 3, thereby rendering the initial appeal one of a non-final order and thus allowing collateral attack; (2) appellate counsel was ineffective for failing to argue that Adams' convictions and sentencing were prohibited by the constitutional bar against double jeopardy; (3) appellate counsel was ineffective for failing to present sufficient argument that Adams' violation of probation was neither willful or substantial; (4) appellate counsel was ineffective for failing to raise the issue that the sentence imposed upon revocation of probation was vindictive. On August 10, 2005, the state district court of appeal denied the petition for writ of habeas corpus. (Exhibit 7). Adams v. State, 908 So. 2d 1064 (Fla. 2d DCA 2005)[Table].

## THE PRESENT PETITION

Adams signed the § 2254 petition on October 11, 2005, and the petition was filed timely in this Court on October 14, 2005. (Doc. No. 1). Adams raises four grounds for relief: (1) The trial court never rendered disposition as to count 3, thereby rendering the initial appeal one of a non-final, non-appealable order; (2) Petitioner's convictions and sentences were prohibited by the constitutional bar against double jeopardy; (3) Appellate counsel

was ineffective for failing to present sufficient argument that Petitioner's violation of probation was neither willful nor substantial; (4) Appellate counsel was ineffective for failing to raise the issue that the sentence imposed upon revocation of probation was vindictive.

## STANDARD OF REVIEW

Adams's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see also, Bell v. Cone, 543 U.S. 447 (2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). Pursuant to 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).[4] Finally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson v. Haley, 353 F.3d 880, 890-91 (11th Cir. 2003).

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

To show a violation of the Sixth Amendment right to counsel, Adams must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 687 (1984). Bell v. Cone, 535 U.S. 685, 698 (2002)(courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points). The standards of effective assistance set forth in Strickland apply to appellate counsel, as well as to trial counsel. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). First, Adams must

---

[4] "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 540 U.S. 12 (2003); Clark v. Crosby, 335 F.3d 1303, 1308-10 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133 (2005); Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

"A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. at 141. An objectively unreasonable application of precedent occurs when (1) a state court identifies the correct legal rule but unreasonably applies it to the facts or (2) a state court either unreasonably extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir. 2005).

demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Adams must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Adams must prove both prongs of Strickland. Therefore, if Adams fails to establish either deficient performance or prejudice, the court need not address the other prong. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."); Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998). In this case, the state district court of appeals's denial of Adams' ineffective counsel claims is neither contrary to, nor an unreasonable application of, the Strickland standard.

DISCUSSION

Ground One

Adams alleges the trial court never rendered disposition as to count 3, thereby rendering the initial appeal one of a non-final, non-appealable order. He contends that appellate counsel was ineffective for filing a direct appeal from a non-appealable order. Adams is mistaken.

The judgment and sentence rendered in this case constitutes a final appealable order under Florida's rules of appellate procedure, and Adams fails to present any legal

authority to the contrary. See Fla. R. App. P. 9.140, which provides that a defendant may appeal a final judgment adjudicating guilt, orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, an unlawful or illegal sentence, or any sentence, if the appeal is required or permitted by general law. Under federal law, the Supreme Court has stated: "Final judgment in a criminal case means sentence. The sentence is the judgment." Berman v. United States, 302 U.S. 211, 213 (1937). By denying Adams' petition for writ of habeas corpus, the state district court of appeal implicitly found Adams' claim that the judgment was a non-final, non-appealable order to be without merit as a matter of state law.

Moreover, to the extent Adams is claiming that appellate counsel was ineffective for failing to challenge the imposition of the sentence in Count 3, where the court did not orally pronounce a sentence on that count, the state district court of appeal's rejection of this claim was objectively reasonable. Adams was not prejudiced by any alleged failure of appellate counsel to raise this issue because Adams had other avenues for obtaining relief. He could have sought relief from the allegedly illegal sentence by filing a motion for postconviction relief alleging an illegal sentence or ineffective assistance of trial counsel for failing to preserve the issue, or he could have pursued this claim in a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. A claim that the written sentence fails to comport with the state trial court's oral pronouncement at sentencing is cognizable in a motion to correct illegal sentence. See Dawson-Knapp v. State, 698 So. 2d 266 (Fla. 2d DCA 1997) (failure of the written sentence to follow the trial court's oral sentencing pronouncement is cognizable in a rule 3.800 proceeding); Brooks v. State, 768 So. 2d 513, 513-514 (Fla. 2d DCA 2000) (same). See

also, Fitzpatrick v. State, 863 So. 2d 462 (Fla. 1st DCA 2004) (An appellant's claim that his sentence is illegal where the written sentence includes a habitual felony offender designation, but the trial court failed to orally pronounce the appellant a habitual felony offender is cognizable in a rule 3.800 motion); Byers v. State, 2005 Fla. App. LEXIS 18706, 1-2 (Fla. 1st DCA 2005)(same).

Ground one does not warrant habeas corpus relief.

### Ground Two

Adams alleges that his convictions and sentences were prohibited by the constitutional bar against double jeopardy. Under Florida law, the fact that Adams entered into a negotiated plea bargain with the State in exchange for more lenient punishment, acts as a waiver of any double jeopardy claim. See, e.g., Melvin v. State, 645 So. 2d 448, 449 (Fla. 1994) (Where a defendant enters into a bargained plea with the state, he waives any double jeopardy claim that may have affected either his convictions or his sentences). Accordingly, appellate counsel cannot be considered deficient for failing to challenge the convictions on double jeopardy grounds in the direct appeal.

Ground two does not warrant habeas corpus relief.

### Ground Three

Adams contends his appellate counsel was ineffective for failing to present sufficient argument that Adams' violation of probation was neither willful nor substantial. Adams admits this issue was raised by appellate counsel on direct appeal, but he claims counsel argued the cause "inartfully." Adams further alleges that because there was no final appealable order from which to take an appeal (see Ground One), then he should be given another opportunity to present argument on this issue.

Adams is not entitled to a second direct appeal, for the reasons stated in ground one. Furthermore, trial counsel during the violation of probation proceeding, and appellate counsel in the direct appeal, vigorously argued that Adams' one-time failure to abide by his 10:00 p.m. curfew was not a willful or substantial violation. (Exh 8: R 100-101; Exhibit 1, Initial Brief of Appellant at pp. 7-9). To the extent Adams is faulting appellate counsel for inadequately presenting this issue in the initial brief, the argument is without merit and was reasonably rejected by the state district court of appeal. It is well-settled in Florida that appellate counsel cannot be found ineffective for failing to raise additional or different arguments to support issues actually raised on appeal or for failing to convince the court to rule in Defendant's favor. When analyzing claims that appellate counsel was ineffective for failing to raise additional arguments in support of a claim raised on direct appeal, the Florida courts have observed that "petitioner's contention that [the point] was inadequately argued merely expresses dissatisfaction with the outcome of the argument in that it did not achieve a favorable result for petitioner." Routly v. Wainwright, 502 So. 2d 901, 903 (Fla. 1987) (quoting Steinhorst v. Wainwright, 477 So. 2d 537, 540 (Fla. 1985)); see also Grossman v. Dugger, 708 So. 2d 249, 252 (Fla. 1997)(finding claim that appellate counsel was ineffective for failing to make arguments "more convincingly" to be procedurally barred in a habeas petition).

The Florida Supreme Court, in State v. Riechmann, 777 So. 2d 342 (Fla. 2000), reaffirmed the principle that different grounds to support an argument raised on appeal cannot be used to render appellate counsel ineffective. There, the Florida Supreme Court stated:

>    Finally, point (10) was raised on appeal, but on different grounds. In this issue, Riechmann alleges that appellate counsel was ineffective for the manner in which he raised the issue of the legality of the German searches. This claim is without merit because different grounds or legal arguments cannot be used to render appellate counsel ineffective. See San Martin v. State, 705 So.2d 1337, 1345 (Fla.1997); Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982).

Riechmann, 777 So.2d at 365-366.

Accordingly, the state district court of appeal's denial of Adams' petition for writ of habeas corpus was neither contrary to, nor an unreasonable application of, the Strickland two-prong test.

Ground three does not warrant habeas corpus relief.

## Ground Four

Adams alleges that appellate counsel was ineffective for failing to raise the issue that the sentence imposed upon revocation of probation was vindictive. As factual support, Adams contends that his violation of sex offender probation was "technical" rather than substantive, and the comments made by the court at the revocation/sentencing hearing, followed by the sentence imposed, raises a presumption that the sentence was vindictive in nature. (See § 2254 petition at pp. 10-11). A review of the September 25, 2003 revocation hearing reveals that defense counsel argued that several factors would support continued community supervision rather than prison sanctions. (Exh 8: R 104-105). The State disagreed, describing Adams' prior criminal history:

>    MR. PRASAD [Assistant State Attorney]: The defendant's history shows him to be otherwise. He was given a juvenile residential treatment program for his original juvenile sex bat [sic] charge. Subsequent to that in 1995 he was placed on probation for the grand theft charge. Violating that with various different misdemeanors from domestic violence, violation of injunction and driving while license suspended. He was terminated in 1998.

> He picks up these charges. The defendant is not a good candidate for probation.

(Exh 8: R 105). Immediately thereafter, the court imposed the fifteen-year sentence. (Exh 8: R 105-106).

First, there is no basis in the record for presuming that the sentence was vindictive. It should be noted that the sentencing guidelines scoresheet, following revocation of probation, indicates a permissible sentencing range of 23 years to 50 years in prison, with a statutory maximum sentence on the lewd and lascivious counts of 15 years each (45 years total if running consecutively). (Exh 8: R 102, 104). The cases relied upon by Adams in the habeas petition in the state district court of appeal are inapposite. (See Exhibit 6; Memorandum in Support of Petition for Writ of Habeas Corpus at p. 6). Unlike Jones v. State, 750 So. 2d 709 (Fla. 2d DCA 2000), Gillman v. State, 373 So. 2d 935 (Fla. 2d DCA 1979), or Galluci v. State, 371 So. 2d 148 (Fla. 4th DCA 1979), this is not a case where an accused was subjected to more severe punishment for exercising his constitutional right to stand trial, rejecting a plea offer urged upon him, or insisting on his right to a revocation hearing despite it being considered a "charade" by the court. Rather, in the present case, the state trial court imposed an appropriate legal sentence taking into consideration Adams' prior criminal record and the lack of amenability to probation supervision. Appellate counsel has no duty to raise issues on appeal which have little or no chance of success. Thus, appellate counsel is not required to raise meritless issues. See Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990). In Adams' case, the state district court of appeal's rejection of this claim was objectively reasonable and in accordance with the Strickland standards.

Ground four does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Petitioner Adams' petition is denied, with prejudice. The Clerk is directed to enter judgment against Adams and to close this case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 24, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Christopher Adams